**Phillip Wayne KINCAID, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51667.**

Court of Criminal Appeals of Texas.

March 24, 1976.

Arthur J. Brender, Jr., Court appointed, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Donald S. Gandy and Howard M. Fender, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery. The record reflects that after the State rested its case in chief the appellant changed his plea to guilty. Punishment was assessed by the jury at life.

The indictment alleges that the offense occurred on August 16, 1974, and the record reflects that trial was in February, 1975.

In his first two grounds of error, appellant complains of the prosecutor reading Section 15 of Article 42.12, V.A.C.C.P. relative to the parole laws in his argument to the jury, and in wrongfully informing the jury of the operation of the parole law in that the section read by the prosecutor had not been the law since this section of the

code was amended, effective August 28, 1967.

The record reflects that the following occurred during the argument of the prosecutor:

"Now, the Judge tells you, in assessing punishment in this case, that you are not to consider how long he will spend down there. This is up to the Defendant. How he reacts—how the Board of Pardons and Paroles thinks of him when he is down there. Obviously, he got out in less than ten years on the ten year sentence.

"I'm going to have to contest part of what Mr. Webb says about how long he will stay down there if you give him more than twenty years. He will stay down there until he is fifty or sixty years if you give him more than twenty years? Now, that is just not true. Or if you give him life, he will stay down there for the rest of his life? That is not true. And he is not entitled to get out on parole. Everybody knows that.

"You can't try and guess how long he will serve on what you give him. But you don't know what he is going to do when he gets down there. That is up to the Board of Pardons and Paroles.

"Mr. Webb [defense counsel] brought up the subject of how long he would have to stay on that life sentence, so that entitles me to—

"MR. WEBB: Now, I object to him reading the law and introducing any evidence that is not in evidence.

"THE COURT: Overruled.

"MR. WEBB: Please note our exception.

"BY MR. BUCKNER [prosecutor]:

"Mr. Webb proceeded to tell you the law of how long he will have to stay down there on a life sentence or anything over twenty years, and I am going to read you Section 15 of the Penal Code [Code of Criminal Procedure] Article 42.12, Subsection C, 'Paroles':

'The Board is [legally] authorized to release on parole with the approval of the Governor, any person confined in any penal or correctional institution of this state except those persons under the sentence of death, *who have served one-fourth of the maximum sentence* may be imposed provided that in any case he may be paroled *after serving fifteen calendar years;* however,' —this is important. 'Time served on the sentence imposed shall be the total of the calendar time served and all credits allowed under the laws governing the operations of the Department of Corrections and executive clemency.'" (Emphasis supplied.)

The State urges that the complained-of argument was invited by the argument of appellant:

"And therefore, I ask you not to assess this man a life sentence or a long term of years. If you assess him more than fifteen or twenty years in the penitentirary, you are going to send him down there until he is about fifty or sixty years old, and that I reckon, would be after he has turned into a old man—getting up in age, and I don't think that would solve anything.

"If you send him down there for life or ninety-nine years or anything over and above twenty years, you can expect that he will be there the rest of his life and that is not where he belongs.

\* \* \* \* \* \*

"And I submit to you if you place him down there for more than fifteen years or twenty years, you might as well put him away for life.

\* \* \* \* \* \*

"But I ask you to consider the facts. If you send him down there for more than twenty years or fifteen years, you might as well put him away for life, because there is no hope then."

■ While the appellant's argument invited the prosecutor to speak to the subject of how long appellant would have to spend

in the penitentiary, it did not invite a reading of what was purported to be the law on the matter, especially when same constituted a misstatement of the law. See *Jones v. State,* Tex.Cr.App., 522 S.W.2d 225; *Lincoln v. State,* 508 S.W.2d 635.

The court had properly instructed the jury in its charge, ". . . you are bound to receive the law from the Court." When the court overruled appellant's objection to the prosecutor "reading the law," the only reasonable conclusion the jury could draw was that the prosecutor had read the proper law to them. Not only was it error for the prosecutor to read the parole law to the jury, the harmfulness of such error was compounded in an instance such as this when there was a misstatement of the law which was clearly to the detriment of appellant. The law in effect at the time of the trial of this case is contained in Section 15(a), Article 42.12, V.A.C.C.P., effective August 28, 1967, and reads:

"The Board is hereby authorized to release on parole, with the approval of the Governor, any person confined in any penal or correctional institution of this State, except persons under sentence of death, who has served *one-third of the maximum sentence imposed,* provided that in any case he may be paroled *after serving 20 calendar years."* (Emphasis supplied.)

■ When a defendant injects matters not in evidence during jury argument, as appellant did in this case, he invites the State to reply, but the invitation does not grant the prosecutor a license to stray beyond the scope of the invitation. See *Rodriquez v. State,* Tex.Cr.App., 520 S.W.2d 778.

We cannot characterize the error as harmless in light of the fact that the jury assessed appellant the maximum penalty allowed by law.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.