**David Joe GARNER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–070–CR.**

Court of Appeals of Texas, Fort Worth.

March 23, 1983.

Jerry Burkner, Weatherford, for appellant.

Mac Smith, Dist. Atty., and Dan Carney, Asst. Dist. Atty., Weatherford, for State.

Before HUGHES, JORDAN and BURDOCK, JJ.

438

## OPINION

JORDAN, Justice.

Appellant, David Joe Garner, was tried by a jury and convicted of the offense of theft. Upon a finding of "true" to two enhancement paragraphs contained in the indictment, punishment was assessed at life imprisonment by the court pursuant to the habitual criminal statute.

We affirm.

The evidence showed that appellant Garner, accompanied by an unidentified woman and child, walked into an automobile dealership in the city of Weatherford and expressed an interest in purchasing one of the vehicles on the lot. According to a salesman on duty at the time, Garner asked to take the car for a test drive while financing papers were being prepared in anticipation of sale. Garner was only given permission to drive the automobile as far as a nearby store where he said he would stop to buy a package of cigarettes before returning to the dealership. Garner, with the woman and child as his passengers, drove the car away but never returned. No consideration of any kind had been actually given or promised in return for the car. Within the week, the automobile was recovered in Memphis, Tennessee. Garner was later arrested in Andrews, Texas and charged with theft.

Appellant challenges the legality of his conviction by five grounds of error. Ground of error number one alleges that the court erred in allowing the State to read aloud to the jury V.T.C.A. Penal Code, § 31.07, the unauthorized use of a vehicle statute. Appellant cites the case of *Kincaid v. State,* 534 S.W.2d 340 (Tex.Cr.App.1976) for the proposition that when the State reads aloud from a law book to a jury law not contained in the court's charge, as in the case at hand, the judgment should be reversed. Although it is true that the court in *Kincaid* rejected the same argument made by the State in this case, that is that no error came from the reading of law outside the court's charge to the jury where such reading was in answer to defense

counsel's argument, we hold that *Kincaid* is not dispositive of the issue at hand. In *Kincaid,* the objectionable reading of law came from the Code of Criminal Procedure and dealt with the parole law. The court noted in reversing the judgment that not only was the law of parole a matter which the jury is strictly prohibited from discussing, but, in addition, the prosecutor incorrectly read the law so that an actual misstatement of the law was conveyed to that jury. In the present case, the State, in answer to defense counsel's argument that appellant should have been charged with, if anything, unauthorized use of a vehicle, read aloud the penal code section relative to that offense. There is no contention that the subject matter of § 31.07 is one which the jury is prohibited from discussing or that the prosecutor misstated the law. It has long been the rule that no reversible error results solely because law not found in the court's charge is communicated to the jury unless that law is contrary to the charge. *See Wilder v. State,* 583 S.W.2d 349 (Tex.Cr.App.1979); *Givens v. State,* 554 S.W.2d 199 (Tex.Cr.App.1977); and *Teague v. State,* 628 S.W.2d 240 (Tex.App.—Fort Worth 1982). Because we find no misstatement of law or law contrary to the court's charge, we hold that any error which might have arisen from the complained of reading to the jury was harmless. Appellant's ground of error number one is overruled.

By ground of error number two, appellant contends that the court erred in failing to grant its motion for directed verdict on the ground that there was no evidence to show that appellant intended to deprive the owner of the automobile of its value. Appellant argues that there was no evidence that he took the automobile without the consent of the owner, an element of the indictment, and cites the case of *Maxwell v. State,* 509 S.W.2d 338 (Tex.Cr.App. 1974) in support of the contention that the judgment should therefore be reversed. In *Maxwell* the defendant had been indicted for fraudulently taking property from another person without his consent in violation of then existing V.A.P.C. art. 1410. In

reversing the conviction, the court held that where the defendant procured certain property by gaining consent to take from the owner by fraud, a conviction for taking property without consent could not stand. The court pointed out that the evidence would have instead possibly supported a conviction under V.A.P.C. art. 1413, then in effect, which prohibited taking by false pretext. In view of the current theft statute, however, we are constrained to hold that the rule in *Maxwell* is not applicable in this case. Since the decision in *Maxwell,* the separate offenses of theft which existed at that time have been consolidated by V.T.C.A. Penal Code, § 31.02 and § 31.03. The current statutory scheme prohibits the taking of property without the "effective consent" of the owner. "Effective consent" is defined in V.T.C.A. Penal Code, § 31.01 as consent which is not procured by deception or coercion. We disagree with appellant's argument that the evidence only went to show that he took with consent as a bailee of the automobile. The evidence showed that although appellant obtained possession of the automobile, ostensibly for the purpose of taking it on a test drive, he failed to either return the car or account to the owner for its whereabouts in any way, and that appellant was the last person seen driving the automobile before it was recovered in Memphis. We hold that in light of the totality of these facts and circumstances, the jury could have reasonably deduced that appellant had not intended to return the automobile at the time of its taking, and was justified in finding appellant guilty of the offense of theft. Appellant's ground of error number two is overruled.

■ Ground of error number three is predicated on appellant's complaint that the court erred in failing to give appellant his requested charge on circumstantial evidence. While it is conceded by appellant that no circumstantial evidence charge is necessary on the issue of intent, appellant argues that the charge was necessary as to the issue of whether or not appellant had gone outside the scope of the bailment which was allegedly created when appellant received permission to test drive the auto-

mobile. We reject appellant's contention. Appellant was charged with appropriating the automobile without the effective consent of the owner. The issue submitted to the jury was one of whether or not appellant intentionally or knowingly illegally appropriated the property. The question of whether or not appellant went beyond the scope of any bailment which might have existed was merely a factor which went to the issue of intent. We therefore hold that no error resulted in the court's failure to submit the requested charge. Appellant's ground of error number three is overruled.

■ By ground of error number four, appellant complains of the following statement made by the prosecutor to the jury:

"If there were any witnesses available, any defense witnesses at all that were available, who could shed some light on this thing to contradict the State's evidence in this case, Mr. Buckner has the ability to subpoena those witnesses in here."

Appellant says that this statement amounted to a comment on the failure of appellant to take the stand and therefore constitutes reversible error. First, we do not find that the statement on its face concerned appellant's failure to testify at all. As the State points out in its brief, defense counsel made the statement to the jury at voir dire that he might have a "surprise witness drift in from out of town". The State in its argument did not refer to appellant as a possible defense witness, but stated that defense counsel had the ability to subpoena any witnesses at all who were available to testify. We hold that a plain reading of the statement made by the prosecutor is clearly to the effect that defense counsel failed to call to the stand possible defense witnesses not present at trial, those whose presence could have been procured by subpoena. We also find that even if the statement complained of could be considered a comment on appellant's failure to testify, such implication is indirect. In such case, error is present only where the defendant is the only witness in a position to offer contradic-

tory evidence to that of the State. *Griffin v. State,* 554 S.W.2d 688 (Tex.Cr.App.1977). In the case at hand, the evidence showed that appellant was, at the time of the taking of the automobile, accompanied by a woman and child. The evidence before the jury was therefore to the effect that appellant was not the only person whose testimony might have contradicted the evidence put on by the State, particularly in light of defense counsel's statements at voir dire concerning a possible witness on appellant's behalf. Appellant's ground of error number four is overruled.

Appellant's final ground of error is that the court erred in refusing defense counsel's request that he be allowed to pursue a "sympathy attack" upon the jury by informing them that a guilty verdict might result in a life sentence for appellant because of his two prior sentences. Appellant argues that the State had opened the door to argument on that point at voir dire when the prosecutor commented on the law as it related to the assessment of punishment when enhancement paragraphs are contained in the indictment. While we recognize the rule that both parties in a criminal action have the right to qualify the jury on the law applicable to punishment, V.A.C. C.P. art. 36.16, we also recognize that the right to do so does not go so far as to allow either side to inform the jury that a finding of true to enhancement paragraphs alleging two prior convictions would result in an automatic life sentence for the defendant. *Bevill v. State,* 573 S.W.2d 781 (Tex.Cr.App. 1978). We have reviewed the statements made by the prosecutor which are complained of by appellant and do not find that they opened the door to any discussion of the law relative to automatic life sentences. The prosecutor, in discussing the law relative to the possible range of punishment, repeatedly informed the jury that his discussion was meant to solicit their feelings about the law regarding punishment in general and was not directed to the facts of the specific case. Although in discussing the effect of enhancement on the range of punishment the prosecutor did note that upon a finding of two prior convictions the burden

of assessing punishment is taken from the jury and put in the hands of the trial judge, the possibility of a life sentence was never mentioned by the prosecutor, nor can we see how such a statement, standing alone, would lead a juror to the conclusion that a life sentence was imminent in such a case. We hold that the record reflects that the State was only generally informing the jury of the law, and that the statements and questions were not outside the scope of inquiry necessary for the proper qualification of jurors. *See Mathis v. State,* 576 S.W.2d 835 (Tex.Cr.App.1979) and *Davis v. State,* 630 S.W.2d 769 (Tex.App.—Houston [1st Dist.] 1982). Appellant's ground of error number five is overruled.

The judgment of the court is affirmed.