IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-048-CR




ROBERT JAMES WILLIAMSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0911485, HONORABLE TOM BLACKWELL, JUDGE PRESIDING



 




 Appellant was convicted, after a jury trial, of aggravated robbery with a deadly
weapon. Tex. Penal Code Ann. § 29.03(a)(2) (West 1989). The jury assessed punishment at
confinement for 33 years, a fine of $3,000.00, and found that appellant personally used a deadly
weapon in the commission of the offense. Appellant's original appeal was dismissed because his
notice of appeal was not timely. However, the Court of Criminal Appeals granted appellant an
out-of-time appeal and the appeal is now properly before us. We will affirm the judgment of
conviction, but remand the cause to the trial court for reassessment of punishment.

 Appellant presents six points of error. The first point asserts the trial court erred
in failing to grant a severance, and the second point asserts the trial court erred in allowing the
prosecutor to read law to the jury. The remaining four points are concerned with alleged errors
at the punishment phase of the trial. 

 A summary of the facts is unnecessary to understand the disposition of the points
of error. In his first point of error, appellant urges that the trial court erred in overruling
appellant's motion for severance. Prior to trial, appellant requested a severance and separate trial
from his codefendant Matthew Pruett, because Pruett had prior felony convictions which were
admissible in evidence, while appellant had no prior convictions. The Code of Criminal
Procedure provides that, "upon a timely motion to sever, and evidence introduced thereon, if it
is made known to the court that there is a previous admissible conviction against one defendant
or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to
the defendant whose joint trial would prejudice the other defendant." Tex. Code. Crim. Proc.
Ann. art. 36.09 (West 1981). There was a pretrial hearing on appellant's motion for severance
and appellant offered a trial brief in support of his motion. However, appellant did not offer
evidence at the hearing to support his motion. The Court of Criminal Appeals has held that, when
no evidence is offered in support of a motion for severance at the time the motion is presented and
overruled, the matter is not preserved for review and overruling the motion is not error. 
Ransonette v. State, 550 S.W.2d 36, 41 (Tex. Crim. App. 1977); Chappell v. State, 519 S.W.2d
453, 458 (1975). 

 Even if we assume that appellant's motion to sever were supported by sufficient
evidence, the overruling of the motion would not require reversal of the judgment. If the State
agrees not to offer evidence of a co-defendant's prior convictions in a joint trial it is not error to
refuse to give a defendant a severance. Saunders v. State, 572 S.W.2d 944, 948 (Tex. Crim.
App. 1978); Rivello v. State, 476 S.W.2d 299 (Tex. Crim. App. 1971); Robertson v. State, 632
S.W.2d 805, 808 (Tex. App.--Houston [14th Dist.] 1982, no pet.). The State agreed not to use
Pruett's prior convictions if he and appellant were tried jointly. The State honored the agreement
and offered no evidence of Pruett's prior convictions during the joint trial. Appellant argues he
was prejudiced by the joint trial because he was allowed only six peremptory challenges of
prospective jurors in the joint trial while he would have had ten peremptory challenges if he had
been tried separately. However, appellant failed to object at trial that he would only have six
peremptory challenges. The trial court did not err in failing to grant appellant a severance. Point
of error one is overruled.

 In his second point of error, appellant complains that the prosecutor was allowed,
during her jury argument, to read to the jury the statutory definition of "owner," Tex. Penal Code
Ann. § 1.07(24)(A) (West Supp. 1994); because these arguments explaining the law were "outside
the evidence" and were not authorized by the court's instruction "on the law." On appeal
appellant argues that reading the law to the jury constituted a supplemental charge, and that the
overruling of appellant's objection constituted a comment on the weight of the evidence by the
trial judge. At trial, appellant objected, "Your Honor, if it's different than the definition that was
given to them by the court or if it's not included in the court's charge I am going to object to it." 
It is doubtful that appellant's complaint on appeal comports with his trial objection. See Rezac
v. State, 782 S.W.2d 869 (Tex. Crim. App. 1990). However, we will assume that the trial
objection was sufficient. Except for the court's jury instructions, it is generally improper to allow
counsel to read law to the jury. Mikolojosak v. State, 256 S.W.2d 927, 928 (Tex. Crim. App.
1923); 23 Tex. Jur. 3rd Ed. Criminal Law § 2907 (1982). However, it has been held that the
error in reading law to the jury may be harmless, unless the law read is a misstatement of the law
or is contrary to the court's jury instructions. Garner v. State, 648 S.W.2d 436, 438 (Tex.
App.--Fort Worth 1983, no pet.); see Kincaid v. State, 534 S.W.2d 340 (Tex. Crim. App. 1976);
67 ALR2d 245. The definition of "owner" read by the prosecutor was a correct statement of law
and was not contrary to the trial court's jury instruction. The error was harmless beyond a
reasonable doubt. Tex. R. App. P. 81(b)(2). The second point of error is overruled.

 Appellant complains that admitting Dr. White's opinion that appellant had no
underlying organic brain impairment was erroneous, because Dr. White was not a witness and his
opinion was hearsay. Furthermore, Dr. White's opinion was harmful because it directly
conflicted with Dr. Matthews' opinion that the appellant had a type of organic brain disorder.

 Appellant made application for probation, and during the punishment phase of trial,
offered evidence before the jury that he was eligible to receive probation. To support his motion 
appellant offered the testimony of Dr. Daniel Matthews, a board certified psychiatrist with
extensive experience and impressive educational credentials. Dr. Matthews testified that in his
opinion the appellant suffered from "intermittent explosive disorder," a type of organic brain
disorder. However, Dr. Matthews was of the opinion that if appellant were granted probation and
received treatment "with appropriate interventions" he "should be able to become gainfully
employed and contribute to society."

 During the cross-examination of Dr. Matthews, the prosecutor, over a hearsay
objection, asked: "If a psychiatrist, Dr. White, found in his evaluation that the defendant
displayed no signs of underlying organic impairment, would you disagree with that?" Dr.
Matthews disagreed. Dr. White was not a witness in this trial and Dr. Matthews had not seen the
report which included Dr. White's opinion and which the prosecutor used to cross-examine Dr.
Matthews. The State argues that it was "using another psychologist's report on appellant to pose
hypothetical questions to Dr. Matthews in order to test Dr. Matthews' opinion regarding
appellant's propensity for violence; the State was not reading the report into evidence." The State
correctly asserts that it may test an expert witness with hypothetical questions even if based on
hearsay. Holland v. State, 761 S.W.2d 307, 323 (Tex. Crim. App. 1988). The State is also
correct in its argument that a hypothetical question must be based on the facts of the case, but
counsel may assume "facts in accordance with his theory of the case." Barefoot v. State, 596
S.W.2d 875, 887-88 (Tex. Crim. App. 1980), cert. denied, 453 U.S. 913 (1981).

 The Court of Criminal Appeals, although recognizing that an expert witness may
be impeached by an opposing party's use of generally inadmissible hearsay evidence, such as a
book, report, or other publication, found reversible error when an expert witness was improperly
cross-examined. Ramirez v. State, 815 S.W.2d 636, 651 (Tex. Crim. App. 1991). It was
reversible error for the State, in cross-examining an expert witness, to place before the jury for
its consideration the results of a study--facts not introduced in evidence--under the guise of
identifying the study. Id. at 651. We find the principles of Ramirez persuasive in this case.

 Although posed as a hypothetical question, the State asserted as an affirmative fact
before the jury that in Dr. White's opinion appellant did not suffer from organic brain disorder. 
Dr. White's opinion was in direct conflict with Dr. Matthews' opinion that appellant suffered
from an organic brain disorder. Dr. Matthews' opinion and testimony were offered to support
appellant's application for probation. Under the guise of testing Dr. Matthews' opinion, the
prosecution placed Dr. White's opinion before the jury in an attempt to defeat appellant's
application for probation. Dr. White was not a witness under oath and was not subject to cross-examination. We are unable to say that beyond a reasonable doubt that the error in overruling
appellant's objection to the cross-examination of Dr. Matthews and allowing Dr. White's opinion
to be considered by the jury made no contribution to appellant's punishment. Tex. R. App. P.
81(b)(2). Therefore this cause must be remanded for reassessment of punishment.

 Appellant's remaining points of error are concerned with alleged errors in the
punishment phase of the trial. Since we are remanding the cause for reassessment of punishment
and since these alleged errors are not likely to be presented in the same context on rehearing, if
at all, we find it unnecessary to discuss them on this appeal.

 The judgment of conviction is affirmed as to guilt, but the cause is remanded to the
trial court for reassessment of punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West
1994).



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed in Part; Reversed and Remanded in Part

Filed: May 25, 1994

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).