COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-438-CR

 

 

ANTHONY DAVID PALACIOS                                                APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Anthony David
Palacios appeals his conviction and ten-year sentence for theft over $20,000
and under $100,000.  In two issues,
appellant complains that the evidence is legally and factually insufficient to support
the jury=s finding that he took the vehicle without consent and that the
evidence is legally and factually insufficient to establish that he intended to
deprive the owners of the vehicle.  We
affirm.

II.  Background Facts

On May 17, 2005, appellant test
drove a Toyota Sequoia that belonged to Patterson=s Auto Center in Wichita Falls, Texas. 
After riding in the Sequoia with appellant for approximately thirty
minutes, the sales clerk asked him to return to Patterson=s so that she could use the restroom. 
When the sales clerk stepped out of the Sequoia, appellant told her that
he wanted to show the vehicle to his mother and would be right back.  He then quickly drove away.  Appellant was detained the next day for an
unrelated incident at a mall in Mesquite, Texas, and local police officers
located the Sequoia.  Appellant was
charged with and convicted of theft over $20,000 and under $100,000.  The jury assessed his punishment at ten years
in prison.

III.  Sufficiency of the Evidence

In his first issue, appellant
contends that the evidence is both legally and factually insufficient to prove
that he took the Sequoia without Patterson=s consent.  In his second issue,
appellant contends that the evidence is legally and factually insufficient to
prove that he intended to deprive Patterson=s of the vehicle.

 








A.  Standards of Review

1.  Legal Sufficiency

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165
S.W.3d 691, 693 (Tex. Crim. App. 2005). 

This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the testimony,
to weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). 








In a sufficiency review, the
jury=s inference of intent is afforded more deference than the evidence
supporting proof of conduct.  Margraves,
34 S.W.3d at 919.  Circumstantial
evidence of a defendant=s guilty
knowledge is not Arequired to
meet the same rigorous criteria for sufficiency as circumstantial proof of
other offensive elements.@  Id. (quoting Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal
sufficiency of the evidence to show an appellant=s intent, and faced with a record that supports conflicting
inferences, we Amust presumeCeven if it does not affirmatively appear in the recordCthat the trier of fact resolved any such conflict in favor of the prosecution,
and must defer to that resolution.@  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).

2.  Factual Sufficiency








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, No. PD-469-05, 2006 WL 2956272, at *8 (Tex.
Crim. App. Oct. 18, 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005).  We then ask whether
the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the fact-finder=s determination is clearly wrong and manifestly unjust or whether
conflicting evidence so greatly outweighs the evidence supporting the
conviction that the fact-finder=s determination is manifestly unjust. 
Watson, 2006 WL 2956272, at *8, 10; Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).  To
reverse under the second ground, we must determine, with some objective basis
in the record, that the great weight and preponderance of all the evidence,
though legally sufficient, contradicts the verdict.  Watson, 2006 WL 2956272, at *10.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which ground.  Goodman v. State, 66 S.W.3d 283, 287
(Tex. Crim. App. 2001); Johnson, 23 S.W.3d at 7.

B.  Applicable Law

        A
person commits theft if he unlawfully appropriates property without the owner=s effective consent and with intent to deprive the owner of the
property.  Tex. Penal Code Ann. ' 31.03(a), (b)(1) (Vernon 2006). 
Intent to deprive may be proven by showing actual deprivation.  Rowland v. State, 744 S.W.2d 610, 612
(Tex. Crim. App. 1988).  However, actual
deprivation is not an element of intent to deprive, and intent to deprive may
be proven by other evidence.  Id. 

C.  Lack of Consent








Trial testimony showed that
appellant and his fiancée, Melissa Dawn Richardson, drove to Patterson=s on May 17, 2005 between 10:00 a.m. and 11:00 a.m.  Appellant did not have a driver=s license, car insurance, or employment but planned to test drive a
vehicle.  Appellant parked Richardson=s car, walked into Patterson=s, and asked for Justin Gearhart, the sales manager.  Gearhart testified that he had played sports
with appellant=s older
brother when they Awere a
little younger@ and
considered appellant to be an acquaintance. Because Gearhart was busy when
appellant asked to test drive the Sequoia, Gearhart asked Jennifer Bond, a
sales clerk, to accompany him. 

When Bond and appellant got
into the Sequoia, Richardson climbed into the driver=s seat of her own car and drove off. 
At some point during the twenty-minute ride, Bond began to feel
uncomfortable and asked appellant to drive her back to Patterson=s so that she could use the restroom. 
When appellant pulled into Patterson=s, Bond stepped out and told appellant that he needed to park the
Sequoia.  Appellant replied, AI want to drive it some more.  I=m just going to go show my mom. 
She just lives right over there and I=ll be right back.@  Bond, fearing that appellant
might hurt her if she tried to stop him, assented and said, AYou=re going to
be right back?@  Appellant replied, AYes,@ and then
drove off before Bond could say anything else.








Bond immediately found
Gearhart and told him that appellant had driven off in the Sequoia without a
sales agent.  Gearhart, fearing that
appellant was stealing the Sequoia, began making phone calls to locate
appellant.  No one from the dealership
was able to reach appellant until he was apprehended by police officers in
Mesquite, Texas, the next day. 

At trial, Gearhart testified
that appellant did not have his consent to take the Sequoia on a second test
drive after appellant returned to Patterson=s. Gearhart further testified that he had not given appellant
permission at any point to take the Sequoia to Mesquite, Texas. 

Appellant does not dispute
the fact that Gearhart never gave him permission to take the Sequoia on a
second test drive.  Instead, appellant
claims that he reasonably believed that Bond had authority to let him continue
to drive the Sequoia and that she gave consent by stating Aokay@ when
appellant said he was going to show the Sequoia to his mother.








Even if appellant believed
that Bond gave him consent to drive the Sequoia to Ashow his mom,@ that
consent was limited in scope.  See
Garner v. State, 648 S.W.2d 436, 438 (Tex. App.CFort Worth 1983, no pet.) (holding that defendant took new car without
dealership=s consent
when dealership told him that he could test car by driving to store to buy
cigarettes and returning, but defendant drove it to another state).  Because appellant told Bond that his mother
lived close by and that he would be right back, appellant=s authority to drive the Sequoia, if any, was limited to a short
trip.  See id.  Bond certainly did not consent for appellant
to take the vehicle overnight or drive to Mesquite, Texas. 

Giving full play to the responsibility of the trier of fact to weigh
the evidence and draw reasonable inferences from basic facts to ultimate facts,
and giving due deference to their Adeterminations concerning the weight and credibility of the evidence,@ we hold that the evidence was both legally and factually sufficient
to support the jury=s finding
that appellant appropriated the Sequoia without the owner=s consent.  See Tex. Penal Code Ann. ' 31.03(a), (b)(1).  Accordingly,
we overrule appellant=s first
issue. 

D. Mens Rea

According to
appellant, the State failed to prove that he intended to deprive Patterson=s of the Sequoia.  The
deprivation element necessary to complete the offense of theft requires only an
intent to deprive, not actual deprivation. 
Rowland, 744 S.W.2d at 612. 
The fact that a vehicle is temporarily missing and subsequently
recovered with a minimal amount of economic loss to the owner does not
invalidate the deprivation standard.  Griffin
v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. [Panel Op.] 1981); Ellis
v. State, 714 S.W.2d 465, 475 (Tex. App.CHouston [1st Dist.] 1986, pet. ref=d). 








Numerous witnesses provided
testimony showing that appellant intended to deprive Patterson=s of the Sequoia.  Richardson
testified that she rode with appellant to Patterson=s and then drove off, leaving him without transportation.  Although Richardson stated that appellant
wanted to purchase the $33,000 Sequoia, neither she nor appellant were
employed.  Further, appellant did not
have a valid driver=s license or
car insurance.  

Bond testified that after the
first test drive, appellant told her that he was going to show the Sequoia to
his mother and would be right back. 
However, no one could locate appellant until the next morning when he
was detained in Mesquite, Texas. 
Further, Gearhart testified that he went to appellant=s home at 8:00 p.m. on the day appellant took the Sequoia.  Although no one answered, a light inside the
house went off. 

We hold that the evidence is
both legally and factually sufficient to support the jury=s finding that appellant intended to deprive Patterson=s of the Sequoia.  Accordingly,
we overrule appellant=s second
issue.  

 

 

 

 

 








IV.  Conclusion    

Having overruled appellant=s two issues, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
November 30, 2006











[1]See Tex. R. App. P. 47.4.