PALACIOS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-438-CR

ANTHONY DAVID PALACIOS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Anthony David Palacios appeals his conviction and ten-year sentence for theft over $20,000 and under $100,000.  In two issues, appellant complains that the evidence is legally and factually insufficient to support the jury’s finding that he took the vehicle without consent and that the evidence is legally and factually insufficient to establish that he intended to deprive the owners of the vehicle.  We affirm.

II.  Background Facts

On May 17, 2005, appellant test drove a Toyota Sequoia that belonged to Patterson’s Auto Center in Wichita Falls, Texas.  After riding in the Sequoia with appellant for approximately thirty minutes, the sales clerk asked him to return to Patterson’s so that she could use the restroom.  When the sales clerk stepped out of the Sequoia, appellant told her that he wanted to show the vehicle to his mother and would be right back.  He then quickly drove away.  Appellant was detained the next day for an unrelated incident at a mall in Mesquite, Texas, and local police officers located the Sequoia.  Appellant was charged with and convicted of theft over $20,000 and under $100,000.  The jury assessed his punishment at ten years in prison.

III.  Sufficiency of the Evidence

In his first issue, appellant contends that the evidence is both legally and factually insufficient to prove that he took the Sequoia without Patterson’s consent.  In his second issue, appellant contends that the evidence is legally and factually insufficient to prove that he intended to deprive Patterson’s of the vehicle.

A.  Standards of Review

1.  Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005). 

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
 

In a sufficiency review, the jury’s inference of intent is afforded more deference than the evidence supporting proof of conduct.  
Margraves
, 34 S.W.3d at 919.  Circumstantial evidence of a defendant’s guilty knowledge is not “required to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements.”  
Id
. (quoting 
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal sufficiency of the evidence to show an appellant’s intent, and faced with a record that supports conflicting inferences, we “must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

2.  Factual Sufficiency

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, No. PD-469-05, 2006 WL 2956272, at *8 (Tex. Crim. App. Oct. 18, 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 2006 WL 2956272, at *8, 10; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the 
verdict.  
Watson
, 2006 WL 2956272, at *10.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground.  
Goodman v. State
, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); 
Johnson
, 23 S.W.3d at 7.

B.  Applicable Law

        A person commits theft if he unlawfully appropriates property without the owner’s effective consent and with intent to deprive the owner of the property.  
Tex. Penal Code Ann.
 § 31.03(a), (b)(1) (Vernon 2006).  Intent to deprive may be proven by showing actual deprivation.  
Rowland v. State
, 744 S.W.2d 610, 612 (Tex. Crim. App. 1988).  However, actual deprivation is not an element of intent to deprive, and intent to deprive may be proven by other evidence.  
Id. 

C.  Lack of Consent

Trial testimony showed that appellant and his fiancée, Melissa Dawn Richardson, drove to Patterson’s on May 17, 2005 between 10:00 a.m. and 11:00 a.m.  Appellant did not have a driver’s license, car insurance, or employment but planned to test drive a vehicle.  Appellant parked Richardson’s car, walked into Patterson’s, and asked for Justin Gearhart, the sales manager.  Gearhart testified that he had played sports with appellant’s older brother when they “were a little younger” and considered appellant to be an acquaintance. Because Gearhart was busy when appellant asked to test drive the Sequoia, Gearhart asked Jennifer Bond, a sales clerk, to accompany him. 

When Bond and appellant got into the Sequoia, Richardson climbed into the driver’s seat of her own car and drove off.  At some point during the twenty-minute ride, Bond began to feel uncomfortable and asked appellant to drive her back to Patterson’s so that she could use the restroom.  When appellant pulled into Patterson’s, Bond stepped out and told appellant that he needed to park the Sequoia.  Appellant replied, “I want to drive it some more.  I’m just going to go show my mom.  She just lives right over there and I’ll be right back.”  Bond, fearing that appellant might hurt her if she tried to stop him, assented and said, “You’re going to be right back?”  Appellant replied, “Yes,” and then drove off before Bond could say anything else.

Bond immediately found Gearhart and told him that appellant had driven off in the Sequoia without a sales agent.  Gearhart, fearing that appellant was stealing the Sequoia, began making phone calls to locate appellant.  No one from the dealership was able to reach appellant until he was apprehended by police officers in Mesquite, Texas, the next day. 

At trial, Gearhart testified that appellant did not have his consent to take the Sequoia on a second test drive after appellant returned to Patterson’s. Gearhart further testified that he had not given appellant permission at any point to take the Sequoia to Mesquite, Texas. 

Appellant does not dispute the fact that Gearhart never gave him permission to take the Sequoia on a second test drive.  Instead, appellant claims that he reasonably believed that Bond had authority to let him continue to drive the Sequoia and that she gave consent by stating “okay” when appellant said he was going to show the Sequoia to his mother.

Even if appellant believed that Bond gave him consent to drive the Sequoia to “show his mom,” that consent was limited in scope.  
See Garner v. State
, 648 S.W.2d 436, 438 (Tex. App.—Fort Worth 1983, no pet.) (holding that defendant took new car without dealership’s consent when dealership told him that he could test car by driving to store to buy cigarettes and returning, but defendant drove it to another state).  Because appellant told Bond that his mother lived close by and that he would be right back, appellant’s authority to drive the Sequoia, if any, was limited to a short trip.  
See id. 
 Bond certainly did not consent for appellant to take the vehicle overnight or drive to Mesquite, Texas. 

Giving full play to the responsibility of the trier of fact to weigh the evidence and draw reasonable inferences from basic facts to ultimate facts, and giving due deference to their 
“determinations concerning the weight and credibility of the evidence,” we hold that the evidence was both legally and factually sufficient to support the jury’s finding that appellant appropriated the Sequoia without the owner’s consent.  
See 
Tex. Penal Code Ann.
 § 31.03(a), (b)(1).
  Accordingly, we overrule appellant’s first issue.
 

D. Mens Rea

According to appellant, the State failed to prove that he intended to deprive Patterson’s of the Sequoia.  The deprivation element necessary to complete the offense of theft requires only an intent to deprive, not actual deprivation.  
Rowland
, 744 S.W.2d at 612.  The fact that a vehicle is temporarily missing and subsequently recovered with a minimal amount of economic loss to the owner does not invalidate the deprivation standard.  
Griffin v. State
, 614 S.W.2d 155, 159 (Tex. Crim. App. [Panel Op.] 1981); 
Ellis v. State
, 714 S.W.2d 465, 475 (Tex. App.—Houston [1st Dist.] 1986, pet. ref’d). 

Numerous witnesses provided testimony showing that appellant intended to deprive Patterson’s of the Sequoia.
  Richardson testified that she rode with appellant to Patterson’s and then drove off, leaving him without transportation.  Although Richardson stated that appellant wanted to purchase the $33,000 Sequoia, neither she nor appellant were employed.  Further, appellant did not have a valid driver’s license or car insurance.  

Bond testified that after the first test drive, appellant told her that he was going to show the Sequoia to his mother and would be right back.  However, no one could locate appellant until the next morning when he was detained in Mesquite, Texas.  Further, Gearhart testified that he went to appellant’s home at 8:00 p.m. on the day appellant took the Sequoia.  Although no one answered, a light inside the house went off. 

We hold that the evidence is both legally and factually sufficient to support the jury’s finding that appellant intended to deprive Patterson’s of the Sequoia.  Accordingly, we overrule appellant’s second issue.  

IV.  Conclusion
 

Having overruled appellant’s two issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 30, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.