**Affirmed and Memorandum Opinion filed April 16, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00810-CR

---

**PEDRO BELTRAN BATALLA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1287753**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Pedro Beltran Batalla of indecency with a child and found the enhancement paragraph alleging a prior conviction for indecency with a child to be true. The jury sentenced appellant to confinement for life. Appellant filed a timely notice of appeal and complains of two instances of improper jury argument by the State. Concluding that one argument was not improper and that appellant's complaint regarding the other argument was not preserved, we affirm.

## BACKGROUND

The complainant, appellant's four-year old granddaughter, told her mother, appellant's daughter, that appellant had touched her genitalia. Appellant was confronted with the allegation at a family meeting two days later and admitted to molesting the complainant. Appellant requested that he be allowed to turn himself into the police, but his daughter reported appellant's conduct. Appellant fled the home shortly after the meeting and was not seen by his son or daughter until the trial.

## IMPROPER ARGUMENT

Appellant's sole issue on appeal claims the trial court erred in permitting improper argument by the State. Appellant's brief refers to two arguments made by the State during closing argument in the guilt-innocence phase. The first reference is to the following:

> And when you're looking at the evidence, folks, what does it boil down to? It boils down to whether or not you believe this child. And when you come out here with your verdict, you're letting this child know whether or not you believe her. And she's --
>
> [Defense Counsel]: Judge, I'm going to object. It's improper argument whether they believe the child.
>
> THE COURT: Overruled.

The record reflects that before the State made this argument, defense counsel argued in his closing statement that the complainant's testimony was not credible. Counsel stated that "what you heard from [the complainant] was quite a different story than what was, I believe, mentioned in the medical records, what her mother mentioned she said, what she told you just a couple of days ago . . . ." Counsel referred to specific inconsistencies between the testimony of the complainant and her mother. Counsel challenged the complainant's version of events, asking "is that

reasonable? Does that make sense? It doesn't. Because it didn't happen there." Counsel recounted the complainant's testimony that her mother "would ask [her] questions and would tell [her] what happened." Counsel argued "when you go through all the inconsistencies, especially how [the complainant] says it happened and what her mother saw . . . . There's doubt there . . . ." Counsel pointed out that "[o]ne of the final things that [the complainant] said during her interview—during the interview was that it happened in [his son's] room also. Well, we clearly know that, according to [the complainant's] testimony, that never happened. Mom even said that she's never been in that room. So, just yet another thing. There are too many inconsistencies in this case, and we don't know what the [complainant] was told or what to say by Mom way back when."

To be permissible, jury argument must fall into one of four areas: (1) summation of evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Gallo v. State*, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007); *Mason v. State*, 416 S.W.3d 720, 736 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Counsel's remarks during final argument must be considered in the context in which they appear. *See Denison v. State*, 651 S.W.2d 754, 761 (Tex. Crim. App. 1983).

Defense counsel argued in his closing that the complainant's testimony was inconsistent and possibly the result of being coached by her mother, thereby challenging the credibility of the complainant. Because the State's argument was made in answer to defense counsel's arguments, we hold it was not manifestly improper. *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

Appellant's second reference is to this argument:

And if the defense wanted to bring in witnesses that disputed that confession, for example, if you wanted to hear from this man's wife or

his daughter --

[Defense Counsel]: Judge, I'd object at this point that the prosecutor's shifting the burden that the defense provide any kind of evidence.

THE COURT: That's sustained.

"To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). The failure to request an instruction for the jury to disregard forfeits appellate review of errors that could have been cured by such an instruction. *See Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). If such an instruction could not have "cured" the objectionable event, a motion for mistrial is the only essential prerequisite to presenting the complaint on appeal. *Id.* In this instance, no request for an instruction to disregard was made and there was no motion for a mistrial. Because the trial court afforded appellant all the relief he requested, nothing is presented for our review concerning this argument. *See* Tex. R. App. P. 33.1.

For the reasons stated above, we overrule appellant's issue and affirm the trial court's judgment.


/s/  J. Brett Busby
    Justice



Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).