**Affirmed and Memorandum Opinion filed March 5, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00920-CR

---

### JONATHAN JERMAINE PAGE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1529158**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Jonathan Jermaine Page of sexual assault and sentenced him to five years' incarceration. On appeal, appellant raises one issue to challenge his conviction, arguing his trial counsel rendered ineffective assistance by failing to object to evidence proffered by the State which had not been admitted. We affirm.

## I.     Background[1]

In February 2017, appellant was indicted in Harris County, Texas, on a felony charge of sexual assault. Appellant entered a plea of not guilty and proceeded to trial by jury in November 2017. The jury found appellant guilty as charged, convicted appellant of sexual assault, and sentenced appellant to five years. Appellant filed a timely notice of appeal.

## II.     Analysis

### A.     Ineffective assistance of counsel claim

In his sole issue, appellant contends he received ineffective assistance of trial counsel because his attorney failed to object to evidence proffered by the State which had not been admitted.[2] Specifically, appellant complains that his trial counsel erred by failing to object during the State's jury argument, when the State referenced statements made by appellant to police that had not been admitted in to evidence. The State had cross-examined appellant with all of these statements when appellant was on the witness stand.

#### 1.     Applicable law

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const.

---

[1]Appellant's issues do not necessitate a discussion of the facts of the offense. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[2] Defense counsel filed a motion to suppress statements made by appellant during an interview with the police. The trial court held a hearing, found appellant's statement was voluntary and admissible, and denied the motion to suppress. Thereafter, the trial court entered Supplemental Findings of Fact and Conclusions of Law. Appellant contends that his interview with the police on April 7, 2016, was not admitted into evidence during the trial. The State does not rebut this contention.

amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). To prove a claim of ineffective assistance, an appellant must establish, by a preponderance of the evidence, that (1) his counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and was motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, as here, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be

established by isolating one portion of trial counsel's performance for examination." *Id*. at 483 (quoting *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992) (en banc)). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Id*.; *accord Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). The *Strickland* court cautioned us to avoid an intrusive post-trial inquiry into attorney performance because such an inquiry would encourage the proliferation of ineffectiveness challenges. *Robertson*, 187 S.W.3d at 483 (citing *Strickland*, 466 U.S. at 690).

To that end, we are instructed that, in order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez*, 343 S.W.3d at 142. The Texas Court of Criminal Appeals further advises, "[w]hen such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id*. at 143.

In this case appellant has not developed a record of counsel's reasons for his actions; the record lacks any direct evidence of counsel's strategy.

### 2. Failure to Object

Appellant's claim is based on an omission: his counsel's failure to object during the State's jury argument, which referenced statements made by appellant to police that had not been admitted into evidence. The record is silent as to why appellant's trial counsel acted the way he did because appellant did not file a motion for new trial. To satisfy the first prong of *Strickland* on a silent record, it must be apparent "that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify

4

trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez*, 343 S.W.3d at 143; *see also Goodspeed*, 187 S.W.3d at 392 (conduct "so outrageous that no competent attorney would have engaged in it"). As we explain below, this is not such a case, as it is possible the alleged omissions by appellant's trial counsel were based on a reasonable trial strategy.

First, it was reasonable for appellant's counsel to not object to the cross-examination until the statement was in evidence. The statement was admissible. Appellant's counsel may well have not wanted the entire statement into evidence or may have thought that admitted statement would have been more powerful than just the cross-examination. Having made the strategic decision not to object, counsel still wanted to address the inconsistencies during closing argument— because the jury had already heard of the inconsistencies.

Generally, a defense argument that goes outside the evidence will invite a like response from the prosecution. *Bush v. State*, 773 S.W.2d 297 (Tex. Crim. App. 1989); *Kincaid v. State*, 534 S.W.2d 340, 342 (Tex. Crim. App. 1976). A reply to such an open door is permitted. *Id*. In his closing argument, the defense discussed the inconsistencies between appellant's trial testimony and the statement appellant made to police, even though the statement was not entered into evidence, thereby opening the door and creating a right of reply for the State. *See Kincaid*, 534 S.W.2d at 342. Because the State's closing argument was made in response to defense counsel's argument, defense counsel had no basis to object to the State's reference to appellant's statement made during closing. *See Batalla v. State*, 533 S.W.3d 374, 376 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (held State's argument was not manifestly improper because it was made in response to defense counsel's arguments).

In sum, appellant has not met his burden to show that his counsel's performance fell below an objective standard of reasonableness. On this record, therefore, we conclude appellant has failed to prove his claim of ineffective assistance under *Strickland*. We overrule appellant's sole issue.

### III.   Conclusion

The judgment of the trial court is affirmed.


/s/    Margaret "Meg" Poissant
Justice


Panel consists of Justices Christopher, Hassan, and Poissant.

Do Not Publish—Tex. R. App. P. 47.2(b).