Larry Curtis ROWLAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 303–86.

Court of Criminal Appeals of Texas, En Banc.

Feb. 10, 1988.

Weldon S. Copeland, Plano, for appellant.

Steve W. Simmons, Dist. Atty. and Robert Dinsmoor, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Appellant, Larry Curtis Rowland, was charged and found guilty of the offense of theft of an automobile. The El Paso court of appeals found the evidence insufficient to support a conviction for theft and entered a judgment of acquittal. *Rowland v. State*, 704 S.W.2d 150 (Tex.App.—El Paso 1986). We granted the State's petition for discretionary review to review that holding. We will reverse the judgment of the court of appeals and affirm the trial court's judgment.

The record reflects that Manuel Hernandez, the complainant, owned a construction business in El Paso. Appellant worked for Hernandez for several weeks but was terminated because Hernandez' business had slacked off. On Christmas Eve, appellant came to Hernandez and told him that he had the opportunity to do temporary painting work, but needed a truck to complete the job. Hernandez agreed to loan his truck to appellant on the condition that appellant return the truck within three days, which was the length of time appellant claimed he needed the truck. Appellant, however, did not return the truck—at all.

Sometime thereafter Hernandez learned that appellant misled him into loaning him his truck. Hernandez testified, without objection, that he contacted the individuals for whom appellant claimed to be painting, only to learn that they had not entered into such an agreement with appellant.[1] Appellant never returned the truck, and Hernandez never saw or heard from appellant again, until he saw him in court on this case.

Nine days after the truck was supposed to be returned, Hernandez notified the police. Approximately one month later a wrecker service notified Hernandez that it had picked up his truck in El Paso. When he went to retrieve his truck, Hernandez found it had been stripped of the battery, the jack, the spare tire, the alternator and Hernandez' tools which he had placed in the truck.

The indictment upon which appellant was convicted alleged in pertinent part that "on or about the 27th day of December, One Thousand Nine Hundred and Eighty-three ...[he] did then and there unlawfully, intentionally and knowingly appropriate, by acquiring and otherwise exercising control over, property other than real property, to-wit: one (1) GMC Pick-up Truck of the value of over $750.00 but less than $20,000, from MANUEL HERNANDEZ, without the effective consent of the owner, MANUEL HERNANDEZ, and with intent to deprive the said owner of said property." Appellant did not file a motion to quash the indictment, nor did he orally claim a lack of

---

1. In *Chambers v. State*, 711 S.W.2d 240, 247 (Tex.Crim.App.1986) a majority of this Court articulated it would treat inadmissible hearsay admitted without objection the same as all other evidence when determining the sufficiency of the evidence.

notice of what he was charged with committing.

The indictment alleged the offense of theft, as set out in V.T.C.A., Penal Code, Sec. 31.03. "A person commits [the offense of theft] if he unlawfully appropriates the property with the intent to deprive the owner of property. Sec. 31.03(a). Appropriation is unlawful if it is without the owner's effective consent." Sec. 31.-03(b)(1). "Consent is not effective if it is induced by deception ..." Sec. 31.01(4)(A).

The jury was in part instructed that "A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property. Appropriation of property is unlawful if it is without the owner's effective consent. The term 'effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion ..." Appellant did not object to the charge nor did he request that the statutory definitions for the word "deception" be included in the charge.[2]

Appellant argues that the evidence is insufficient to prove he *deprived* Hernandez of his vehicle. To support this conclusion, appellant points to V.T.C.A. Penal Code, Sec. 31.01(3)(A) which defines "deprive" as follows: "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." In support of his argument, appellant correctly asserts that the State did not present any evidence that might reflect or indicate where in El Paso, or when Hernandez' truck was found; the condition the truck was in when it was placed in the wrecker company's storage lot; who picked up the truck; or who towed the truck to the wrecker company's storage lot.

We find that the State correctly asserts that to prove what it alleged, it need not prove actual deprivation; only that appel-

lant *intended* to deprive Hernandez of his truck.

The court of appeals decision cites two ways the evidence can show intent to deprive. Both ways, however, are examples of *actual deprivation.*

First, the court of appeals indicates that the State could establish intent to deprive by showing actual deprivation where a defendant withholds property permanently or for so long that the owner loses a greater part of its value or enjoyment. *Rowland,* supra, at 151. This is a paraphrase of the statutory definition of "deprive" as found in V.T.C.A. Penal Code, Sec. 31.01(3)(A). However, the evidence in the case at bar does not establish this type of actual deprivation because Hernandez was only temporarily deprived of his vehicle and after he recovered his truck he was able to sell it with only a small net loss.

The court of appeals next indicates that the State could prove intent to deprive by showing actual deprivation where a defendant disposed of the property in such a manner that makes recovery of the property by the owner unlikely. This is another statutory definition of "deprive" found at V.T.C.A. Penal Code, Sec. 31.01(3)(C). The record of this case, however, does not support the conclusion that this type of actual deprivation occurred.

■ Deprivation is not an element of intent to deprive; therefore, the State need not prove actual deprivation in order to prove intent to deprive. While evidence of actual deprivation may be evidence of intent to deprive, other evidence may also indicate whether intent to deprive exists. We find that the court of appeals too narrowly limited its analysis of the record in determining whether evidence of intent to deprive exists.

■ To determine whether the evidence is sufficient to support a conviction that appellant intended to deprive Hernandez of his truck, we are required to view all

---

**2.** C.f. *MacDougall v. State,* 702 S.W.2d 650 (Tex. Crim.App.1986), in which this Court reversed a conviction where the trial judge refused defendant's request to instruct the jury on the many statutory definitions for the word "deception" that are set out in Sec. 31.01(2). "Deception" was the way the defendant MacDougall acquired that owner's vehicle.

the evidence in the light most favorable to the verdict. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Then, we must limit our inquiry to whether any rational trier of fact could have found appellant guilty beyond a reasonable doubt. See *Van Guilder v. State,* 709 S.W.2d 178, 179 (Tex.Crim.App.1985). After reviewing the record, we find that evidence exists upon which a rational trier of fact could have found appellant guilty beyond a reasonable doubt of having the intent to deprive Hernandez of his vehicle.

One example of evidence that appellant intended to deprive Hernandez of his truck can be inferred from the fact that appellant did not return the truck to Hernandez as he had promised, within three days; in fact, he never returned the truck at all and he never contacted Hernandez to offer an explanation. Moreover, the circumstances surrounding the way appellant obtained the truck constitutes evidence that appellant had the requisite intent to deprive. Appellant deceived Hernandez into letting him have his truck by falsely telling Hernandez that he needed the truck to complete a painting job. Hernandez testified without objection that he checked with the individuals for whom appellant claimed to be working, only to learn that no such working arrangement existed. From this, the jury could have inferred that when appellant obtained Hernandez's truck, he unlawfully appropriated the truck. While unlawful appropriation of property does not alone prove intent to deprive the owner of the property, it could be construed by the trier of fact to constitute circumstantial evidence of intent to deprive.

We find that any rational trier of fact could find appellant guilty beyond a reasonable doubt of theft by deception. See *Jackson v. Virginia,* supra; *Mosley v. State,* 686 S.W.2d 180 (Tex.Crim.App.1985); *Meanes v. State,* 668 S.W.2d 366 (Tex.Crim. App.1983).

The court of appeals erred in reversing the trial court's judgment of conviction. The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, Judge, dissenting.

The El Paso Court of Appeals addressed only appellant's first point of error: that the evidence is insufficient to sustain the verdict of the jury and a judgment of conviction under the State's theory of the case. Finding the State failed to prove that appellant intended to deprive the owner of his pickup for so long that the owner lost a greater part of its value, the court of appeals reversed and remanded to the trial court for entry of a judgment of acquittal. *Rowland v. State,* 704 S.W.2d 150 (Tex. App.—El Paso 1986).

In seeking discretionary review the State presented a single ground for review, *viz:*

> "Whether the Eighth Court of Appeals has so far departed from the accepted and usual course of judicial proceedings by finding that the State in order to prove theft of property, must prove an accused '[*withholds*] the property permanently or for so long that the owner loses a greater part of its value or enjoyment' in order to prove that the accused *intended* to deprive the owner of the property."

PDR, p. 1 (original emphasis by the State).

In other words, the State makes a straightforward contention of law that the court of appeals required proof of actual deprivation to show intent to deprive. Nothing else.[1]

For the majority, Judge Teague finds, *inter alia,* that there is merit to the ground for review, that the court of appeals erred in requiring proof of actual deprivation. At 612–613. Having done that, the Court has decided the only issue presented by the ground for review; it has exercised its power of discretionary review.

---

1. It concluded with a similar assertion, *viz:*

   "The State did not have to prove that Appellant *did deprive* the true owner of the vehicle as required by the Eighth Court of Appeals;

   the State only had to prove that Appellant *intended to deprive* the owner of the property. Penal Code § 31.03."

   PDR, at 4–5 (original emphasis by the State).

Nevertheless, Judge Teague leads the majority into doing the work of the El Paso Court of Appeals. Once we have determined that its legal analysis is flawed, this Court should give the El Paso Court a fresh opportunity to address the point of error in the first instance. It is the court to decide points of error on direct appeal; until it has exhausted its power to decide them, this Court has nothing to review.

Moreover, given the reason we granted review, that the El Paso Court have that opportunity is even more appropriate.

Therefore, I would vacate the judgment of the El Paso Court of Appeals and remand the cause to that court for it to reconsider the first point of error in light of the appellate error we have found. Because the majority does not, I respectfully dissent.

MILLER, CAMPBELL and DUNCAN, JJ., join in this opinion.