NO. 07-02-0237-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 1, 2003


______________________________



KERRY LEN BRADFORD
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14371-0203; HON. ED SELF, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Kerry Len Bradford, appellant, appeals his conviction for the unauthorized use of
a motor vehicle. Through two points of error, he contends that the evidence was both
legally and factually insufficient to support the verdict of guilty and that the trial court erred
in admitting into evidence the testimony of a particular witness. We affirm the judgment.

Background


 Appellant drove a semi-truck tractor for Jeff Harrell (Harrell). In addition to allowing
appellant to drive the semi-truck tractor, Harrell also allowed him to use a white Chevy
pickup truck belonging to Harrell's father. The latter approved of the arrangement. 
However, Harrell informed appellant that the truck was to be his (appellant's) responsibility
and was to be used to conduct personal errands (such as for traveling to the store to buy
groceries for himself) while he was not driving the semi-truck tractor. So too did Harrell
expressly forbid appellant from loaning the vehicle to others. 

 After returning from a work assignment one day, appellant drove the pickup to town. 
He was to return the next day in time for another haul; that is, he was scheduled to drive
a shipment to Kansas. He did not return, however. Nor did he cause the pickup to be
returned or return the phone calls placed to him on the cellular phone loaned to him by
Harrell. Instead, appellant stated that he loaned the vehicle to a companion, despite
Harrell's admonition against that. Additionally, this companion purportedly failed to return
with it. Appellant also informed the police (after his arrest) that a "couple of days later,"
he found the vehicle in a vandalized state. Items also were missing from it. Those items
included an air compressor (which had been affixed to the pickup), tools, a two-way radio
and a cellular phone.

 Given that the items were missing, the State offered the testimony of an individual
named Neal illustrating how they were disposed of and who disposed of them. Neal
testified that appellant and two other individuals appeared before him in a white pickup
truck and offered to sell items from it which included tools and an air compressor. Neal
allegedly inquired into the ownership of the items, and appellant replied that his employer
(who supposedly lived in Oklahoma) authorized their sale. 

 The local police force eventually found the pickup after being contacted by a
wrecker. The latter found it abandoned. It had "pretty well been stripped . . . ." 
Approximately one month later, the State indicted appellant, charging him with the
unauthorized use of a motor vehicle.

Issue One - Sufficiency of the Evidence


 Appellant initially contends that the evidence was both legally and factually
insufficient to support his conviction. This is purportedly so because he had the consent
of the owner to use it during the periods involved. We overrule the issue.

 The applicable standards of review are well-settled and need not be reiterated. It
is sufficient to cite the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979), and Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), for their
explanation.

 Next, to convict one of the unauthorized use of a motor vehicle, the State must
prove, beyond reasonable doubt, that the accused "intentionally or knowingly operate[d]
another's . . . motor-propelled vehicle without the effective consent of the owner." Tex.
Penal Code Ann. §31.07(a) (Vernon 2003). One operates a vehicle, for purposes of the
statute, when he "[takes] action to affect the functioning of his vehicle in a manner that
would enable the vehicle's use." (1) Denton v. State, 911 S.W.2d 388, 390 (Tex. Crim. App.
1995). 

 As to consent, it is clear that consent to operate a vehicle for specific purposes does
not encompass the authorization to do so for all purposes. See Dodson v. State, 800
S.W.2d 592, 593-94 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd) (holding that the
evidence was sufficient to sustain conviction since the appellant had permission to drive
and leave the car in a specific parking lot so the owner could retrieve it, but not to "drive
around in the car until [appellant] was ready to return it"). In short, operating the vehicle
outside the parameters demarcated by the owner may result in use without the owner's
effective consent. See id. 

 Here, evidence appears of record illustrating that though Harrell allowed appellant
to use the vehicle for personal errands, the grant of authority was restricted. He was told
not to allow others to drive it. Despite this, appellant gave the vehicle to a companion for
use. That exceeded the scope of authority granted by Harrell. Furthermore, that he
allowed the companion to use the vehicle also demonstrates that appellant took action to
affect the functioning of the vehicle in a manner that would enable the vehicle's use. That
is, his voluntary action of delivering the vehicle to the companion for use enabled the
subsequent use of the vehicle; thus, he could be considered as operating it when it was
delivered. 

 Also, and as acknowledged by appellant in his brief, evidence of record illustrates
that appellant was granted authority to use the pickup until it came time to haul another
load for the Harrells. Furthermore, appellant took the pickup for the last time on January
21st and was scheduled to haul a delivery to Kansas the next day, i.e. the 22nd. Thus, a
rational factfinder could reasonably deduce that his permission to use the vehicle expired
on the 22nd. Yet, appellant did not return with the vehicle on that day. Nor did he return
to work. Instead, and rather than abide by the limits placed on its use, he and his
companions used the pickup to contact Neal with an offer to sell stolen property, i.e. the
vehicle's contents. Selling the contents as well as using the vehicle to transport those
contents is evidence manifesting appellant's intent to exceed or ignore the bounds of
authority granted him by Harrell. That is, it along with the evidence that he allowed third
parties to use the pickup and then failed to return the vehicle at the allotted time is
evidence upon which one could reasonably infer that appellant no longer felt bound by and
exceeded the scope of the consent granted him by Harrell. No longer was he using the
vehicle for the legitimate purposes approved by Harrell but instead was using it to pursue
an illegitimate end. 

 Again, the consent granted by the owner delineates the operator's sphere of
authority. And, if one is to heed common sense, then one must conclude that when X
allows Y (and only Y) to use a car only for personal errands such as buying groceries, the
authority granted Y does not encompass permission to allow Z to drive the car for personal
errands or to allow Y to sell its contents and then opt not to return what is left of the
stripped vehicle. Nor does it encompass the authority to use the vehicle as a means of
conducting illegal activity, that being the transport of items converted from Harrell and sold
to others. 

 In short, evidence appears of record upon which a factfinder could conclude,
beyond reasonable doubt, that appellant operated the vehicle without the effective consent
of the owner. Furthermore, such a determination would not be so contrary to the great
weight of the evidence as to be clearly wrong or supported by evidence so weak as to
render the finding clearly wrong or manifestly unjust. 

 Issue Two - Admission of Evidence


 Next, appellant complains of the admission of Neal's testimony. The trial court
allegedly erred in admitting it because 1) the State used Neal to impeach testimony that
it offered (namely appellant's written statement alleging that the companion took the
vehicle) and 2) its probative value was substantially outweighed by its danger of unfair
prejudice. (2) We overrule the point.

 As to the matter of impeaching one's own testimony, that basis for objection went
unmentioned below. There, appellant simply contended that the evidence was irrelevant
and that its probative value failed to outweigh its prejudicial effect. Given that this ground
of objection went unmentioned below, it was waived. Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002) (holding that the objection raised on appeal must comport with that
asserted below to be preserved).

 As to the remaining ground for objection, appellant's argument is founded upon the
belief that the testimony had no value since it was irrelevant. We disagree. At the very
least, it served to illustrate appellant's intent to exceed and that he actually exceeded the
authority extended by Harrell. As previously discussed, the transaction with Neal evinced
not only that appellant was selling the contents of the pickup (which contents he
converted) but also using the pickup to transport those contents to prospective buyers. 
Neither fell within the purpose for which Harrell allowed him to operate the vehicle. So,
the evidence was quite relevant to the elements of operating the pickup without the
effective consent of the owner. 

 The evidence also served to rebut the defense appellant built into his confession,
the defense being that someone else took and stripped the vehicle. And, while it depicted
extraneous misconduct, we cannot say that the trial court abused its discretion in
concluding that its probative value was not substantially outweighed by its danger of undue
prejudice. See Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1991)
(holding that the decision whether to admit or exclude evidence under Rule of Evidence
403 falls within the trial court's discretion). 

 Accordingly, the judgment is affirmed.


 Brian Quinn

 Justice


Do not publish. 

 
1. We acknowledge that the definition is quite broad. Yet, it is the one adopted by the Court of
Criminal Appeals, and we must follow it. See Lubbock County v. Trammel's Lubbock Bail Bonds, 80 S.W.3d
580, 585 (Tex. 2002) (requiring an intermediate court of appeal to apply the law as declared by the highest
courts in the Texas judiciary).
2. Under Rule of Evidence 403, relevant evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury,
or by considerations of undue delay, or needless presentation of cumulative evidence.



l if it is without the effective consent of the owner. §
31.03(b)(1). Consent is not effective if it is induced by deception or coercion. §
31.01(3)(A). Deception means creating or confirming by words or conduct a false
impression of law or fact that is likely to affect the judgment of another in the transaction,
and that the actor does not believe to be true; or, promising performance that is likely to
affect the judgment of another in the transaction and that the actor does not intend to
perform or otherwise knows will not be performed. § 31.01(1)(A) and (E). However, mere
failure to perform the promise in issue, without other evidence of intent or knowledge, is
not sufficient proof that the actor did not intend to perform or knew the promise would not
be performed. § 31.01(1)(E).
          Whether a theft has occurred is determined at the time of the taking of the property. 
See Downs v. State, 81 Tex.Crim. 160, 194 S.W.138 (1917) (“[i]f the original taking was
lawful, no false pretext being used, a conviction based upon a subsequent appropriation
will not be sustained under an ordinary indictment for theft.”). See also Sparks v. State,
131 Tex.Crim. 37, 95 S.W.2d 704, 706 (1935) (“it must be shown that the accused, when
he took possession of the [property], intended to deprive the owner of the value of the
same, the proof of which rested upon the State, and it was incumbent upon the State to
establish it beyond a reasonable doubt”). In other words, the intent to deprive must exist
at the time the property is obtained, Draper v. State, 539 S.W.2d 61, 69 (Tex.Crim.App.
1976), and it must be determined from the words, acts, and conduct of the accused. 
Banks v. State, 471 S.W.2d 811, 812 (Tex.Crim.App. 1971).
 
          There is no doubt that the State proved Appellant acquired or otherwise exercised
control over the automobile in question or that the value of the property was at least $1,500
because Appellant took possession of the automobile and made a down payment of
$2,200. Likewise, there is no doubt that Appellant acquired the property with the consent
of the owner because the acquisition of the property came about in the context of a sale
of that property. The disputed issues were whether that consent was induced by deception
(and therefore not effective) and whether Appellant had the intent to deprive the owner of
the property at the time of the taking.
Consent of Owner Induced by Deception
          The State relies on Rowland v. State, 744 S.W.2d 610, 612 (Tex.Crim.App. 1988),
in support of its argument that Appellant “gained permission to have the vehicle by
deception, the bad check.” In Rowland, the defendant, a former employee of the
complainant, asked to borrow the complainant’s truck to do temporary painting work. The
complainant agreed on the condition that the truck be returned within three days. The
defendant never returned the truck and the complainant discovered that the defendant had
falsely represented the reason for borrowing it. The complainant had contacted the
individuals whom the defendant had represented he would be doing painting work for and
learned that no working arrangements ever existed. Id. at 611. The truck was later
retrieved in poor condition and the defendant was convicted of theft. 
          We disagree with the State that Rowland is similar to the underlying case. In
Rowland, the defendant gained the consent of the owner through false representations,
i.e., by deception. In this case, Appellant gained the consent of the owner through a
promise to pay. The fact that the check tendered for the down payment went unpaid,
without other evidence of intent or knowledge, is insufficient to prove Appellant did not
intend to perform or knew the promise would not be performed. The State never presented
any evidence as to why the check went unpaid and did not present any evidence of
deception on Appellant’s part. Furthermore, the State offered no evidence that at the time
of the taking, Appellant knew he was issuing a check on a closed account.


 
          The evidence established that Kernell and Appellant entered into a financial
arrangement wherein Appellant agreed to make a down payment for one-third of the sale
price and Kernell agreed to finance the balance. That the check was returned unpaid
without evidence of why the check was not honored did not establish that Kernell’s consent
was procured through deception. Based on the evidence presented to the jury, when
viewed in a light most favorable to the prosecution, we conclude that a rational trier of fact
could not have found beyond a reasonable doubt that Appellant induced Kernell’s consent
by deception.
Intent to Deprive
          In Rowland, the appellant challenged his conviction by arguing the evidence was
insufficient to prove he intended to deprive the owner of his property. 744 S.W.2d at 612. 
In affirming his conviction, the Court found the following evidence demonstrated an intent
to deprive:
          ∙         the defendant did not return the truck;
          ∙         the defendant never contacted the owner; and
          ∙         the manner in which the defendant obtained the truck was through
deception.
 
Id. at 613. The Court determined that the jury could have inferred that when the defendant
obtained the owner’s truck, he unlawfully appropriated it, which could have been construed
as circumstantial evidence of an intent to deprive. Id.
          In this case, no evidence was presented that Appellant knew that the account had
been closed or that he gave false information on his credit application. Because Appellant
was never contacted by Kernell to inform him that his check had been returned, we are left
to speculate as to whether or not he would have contacted Kernell or returned the vehicle
once he knew. Although Kernell testified he made numerous phone calls to a phone
number provided on Appellant’s credit application, he conceded that all calls were placed
during normal working hours when Appellant may not have been home. Kernell further
testified that he never contacted Appellant by mail. In sum, the State did not present any
evidence to show that at the time Appellant and Kernell entered into an agreement for the
sale of the automobile, Appellant, by his words, acts, and conduct intended to deprive
Kernell of his property. Accordingly, the State did not establish beyond a reasonable doubt
that when Appellant drove the automobile off Kernell’s lot, a theft was committed.


 
Appellant’s issue is sustained. 
 Conclusion
          Having concluded that the evidence is legally insufficient to support the conviction,
we need not address the factual sufficiency of the evidence. Accordingly, the trial court’s
judgment is reversed and a judgment of acquittal is hereby rendered. 


                                                                           Patrick A. Pirtle

                                                                                 Justice





Do not publish.