NO. 07-07-0375-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 14, 2008

_____


JAMES WADE HOLLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 16028-0505; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Following a plea of not guilty, Appellant, James Wade Holley, was convicted by a jury of theft and punishment was assessed at eighteen months in a state jail facility. Presenting a sole issue, Appellant maintains the evidence is insufficient to sustain his conviction. We reverse and render a judgment of acquittal.

## Background Facts

On March 14, 2005, Appellant and Bobby Kernell, owner of Kernell Auto Sales, entered into an agreement for the sale of an automobile. Appellant agreed to make a down payment of $2,200 for an automobile priced at $6,995 and Kernell agreed to extend him credit for the balance. Appellant issued a check to "Kernell Auto Sales" for $2,200. He also completed a credit application with basic contact information, including his phone number and some references with phone numbers. A few days after Kernell deposited Appellant's check, it was returned to Kernell unpaid.[1]

Kernell made numerous phone calls to Appellant and one of his references to notify Appellant of the returned check, to no avail. According to Kernell, no one answered either phone. Eventually, Kernell contacted Appellant's mother who provided a possible address where the car might be located. Kernell located the car and repossessed it. He contacted the district attorney's office regarding the matter and was visited by an investigator who documented the offense and turned it over to the district attorney's office for intake procedures. Appellant was later indicted for theft of property valued at $1,500 or more but less than $20,000, a state jail felony.

---

[1]When the check was returned to Kernell, it was stamped by Appellant's bank with a notation that the account was closed; however, no evidence was presented as to when the account was closed. At a pretrial hearing to determine the admissibility of the check, Appellant argued that the notation was hearsay and the trial court agreed and ruled that "account closed" be redacted as inadmissible hearsay.

2

By his sole issue, Appellant challenges the sufficiency of the evidence to support his conviction. Although his issue is framed as a factual sufficiency challenge, his argument is couched in terms of "no evidence" to support his conviction and by his prayer, he alternatively requests an acquittal. Thus, in the interest of justice and as guided by Rule 38.9 of the Texas Rules of Appellate Procedure to liberally construe briefing rules, we interpret Appellant's contention as a challenge to both the legal and factual sufficiency of the evidence. We agree with Appellant that the evidence is legally insufficient to support his conviction for theft.

**Standard of Review - Legal Sufficiency**

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2007); Tex. Penal Code Ann. § 2.01 (Vernon 2007).

Evidence is legally insufficient if, when viewed in a light most favorable to the prosecution, a rational trier of fact could not have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). This

3

standard is the same in both direct and circumstantial evidence cases. *Id.* Legal sufficiency of the evidence to sustain a conviction is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997). This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. *Miles v. State*, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

**Discussion**

Under the indictment in this case, the State was required to prove that Appellant unlawfully appropriated property, to-wit: an automobile, by acquiring or otherwise exercising control over that property, the value of which was more than $1,500 but less than $20,000, without the effective consent of the owner, Bobby Kernell, and with intent to deprive the owner of the property. To "appropriate" property means to acquire or otherwise exercise control over that property. Tex. Penal Code Ann. § 31.01(4)(B) (Vernon Supp. 2007).[2] Appropriation of property is unlawful if it is without the effective consent of the owner. § 31.03(b)(1). Consent is not effective if it is induced by deception or coercion. §

_____

[2]Unless otherwise noted, all section references herein are references to Tex. Penal Code Ann. (Vernon Supp. 2007).

31.01(3)(A). Deception means creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true; or, promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or otherwise knows will not be performed. § 31.01(1)(A) and (E). However, mere failure to perform the promise in issue, without other evidence of intent or knowledge, is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed. § 31.01(1)(E).

Whether a theft has occurred is determined at the time of the taking of the property. *See Downs v. State*, 81 Tex.Crim. 160, 194 S.W.138 (1917) ("[i]f the original taking was lawful, no false pretext being used, a conviction based upon a subsequent appropriation will not be sustained under an ordinary indictment for theft."). *See also Sparks v. State*, 131 Tex.Crim. 37, 95 S.W.2d 704, 706 (1935) ("it must be shown that the accused, when he took possession of the [property], intended to deprive the owner of the value of the same, the proof of which rested upon the State, and it was incumbent upon the State to establish it beyond a reasonable doubt"). In other words, the intent to deprive must exist at the time the property is obtained, *Draper v. State*, 539 S.W.2d 61, 69 (Tex.Crim.App. 1976), and it must be determined from the words, acts, and conduct of the accused. *Banks v. State*, 471 S.W.2d 811, 812 (Tex.Crim.App. 1971).

5

There is no doubt that the State proved Appellant acquired or otherwise exercised control over the automobile in question or that the value of the property was at least $1,500 because Appellant took possession of the automobile and made a down payment of $2,200. Likewise, there is no doubt that Appellant acquired the property with the consent of the owner because the acquisition of the property came about in the context of a sale of that property. The disputed issues were whether that consent was induced by deception (and therefore not *effective*) and whether Appellant had the intent to deprive the owner of the property at the time of the taking.

## Consent of Owner Induced by Deception

The State relies on *Rowland v. State*, 744 S.W.2d 610, 612 (Tex.Crim.App. 1988), in support of its argument that Appellant "gained permission to have the vehicle by deception, the bad check." In *Rowland*, the defendant, a former employee of the complainant, asked to borrow the complainant's truck to do temporary painting work. The complainant agreed on the condition that the truck be returned within three days. The defendant never returned the truck and the complainant discovered that the defendant had falsely represented the reason for borrowing it. The complainant had contacted the individuals whom the defendant had represented he would be doing painting work for and learned that no working arrangements ever existed. *Id*. at 611. The truck was later retrieved in poor condition and the defendant was convicted of theft.

6

We disagree with the State that *Rowland* is similar to the underlying case. In *Rowland*, the defendant gained the consent of the owner through false representations, i.e., by deception. In this case, Appellant gained the consent of the owner through a promise to pay. The fact that the check tendered for the down payment went unpaid, without other evidence of intent or knowledge, is insufficient to prove Appellant did not intend to perform or knew the promise would not be performed. The State never presented any evidence as to why the check went unpaid and did not present any evidence of deception on Appellant's part. Furthermore, the State offered no evidence that at the time of the taking, Appellant knew he was issuing a check on a closed account.[3]

The evidence established that Kernell and Appellant entered into a financial arrangement wherein Appellant agreed to make a down payment for one-third of the sale price and Kernell agreed to finance the balance. That the check was returned unpaid without evidence of why the check was not honored did not establish that Kernell's consent was procured through deception. Based on the evidence presented to the jury, when viewed in a light most favorable to the prosecution, we conclude that a rational trier of fact could not have found beyond a reasonable doubt that Appellant induced Kernell's consent by deception.

---

[3]After Appellant presented his defense, the State requested a continuance to call a rebuttal witness to testify that the account on which Appellant wrote the check had been closed. The trial court denied the request explaining that the State had ample opportunity to have a witness available.

7

**Intent to Deprive**

In *Rowland,* the appellant challenged his conviction by arguing the evidence was insufficient to prove he intended to deprive the owner of his property. 744 S.W.2d at 612. In affirming his conviction, the Court found the following evidence demonstrated an intent to deprive:

- the defendant did not return the truck;
- the defendant never contacted the owner; and
- the manner in which the defendant obtained the truck was through deception.

*Id.* at 613. The Court determined that the jury could have inferred that when the defendant obtained the owner's truck, he unlawfully appropriated it, which could have been construed as circumstantial evidence of an intent to deprive. *Id.*

In this case, no evidence was presented that Appellant knew that the account had been closed or that he gave false information on his credit application. Because Appellant was never contacted by Kernell to inform him that his check had been returned, we are left to speculate as to whether or not he would have contacted Kernell or returned the vehicle once he knew. Although Kernell testified he made numerous phone calls to a phone number provided on Appellant's credit application, he conceded that all calls were placed during normal working hours when Appellant may not have been home. Kernell further testified that he never contacted Appellant by mail. In sum, the State did not present any

8

evidence to show that at the time Appellant and Kernell entered into an agreement for the sale of the automobile, Appellant, by his words, acts, and conduct intended to deprive Kernell of his property. Accordingly, the State did not establish beyond a reasonable doubt that when Appellant drove the automobile off Kernell's lot, a theft was committed.[4] Appellant's issue is sustained.

## Conclusion

Having concluded that the evidence is legally insufficient to support the conviction, we need not address the factual sufficiency of the evidence. Accordingly, the trial court's judgment is reversed and a judgment of acquittal is hereby rendered.

Patrick A. Pirtle
Justice

Do not publish.

---

[4]Because the issue is not before us, we express no opinion as to whether or not Appellant might have been prosecuted under § 31.07 for unauthorized use of a vehicle, or § 32.41(a) for issuing a bad check.