

# NUMBERS 13-14-00305-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**BILLIE KNOLL,**                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                     **Appellee.**

## On appeal from the County Court at Law No. 4
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Billie Knoll appeals her conviction for misdemeanor theft. *See* TEX. PENAL CODE ANN. § 31.03(a) (West, Westlaw through Ch. 46 2015 R.S.). The trial court found appellant guilty and assessed punishment at six months' community supervision and a fine of $500.00. By a single issue, appellant contends the evidence was insufficient to prove she had the requisite intent to deprive the store of the merchandise.

We affirm.

## I.  BACKGROUND

Johnny Rodriguez was employed as a loss prevention officer at a Sears department store.  While observing the conduct of store patrons, Rodriguez observed appellant removing clothing from hangers and placing the clothing into plastic Sears shopping bags.  According to Rodriguez, this conduct served as a "big alert signal," warranting appellant's continued observation via the store's security cameras.  In the course of Rodriguez's observation, he saw appellant continue to place Sears merchandise into shopping bags throughout the store, remove two pairs of shoes from the children's shoe department and place them under her filled shopping bags, and then proceed to the automotive section of the store.  At the automotive section of the store, Rodriguez watched appellant stop at a register, speak to an attendant, and then exit the store with her cart full of unpaid-for merchandise.  This testimony was corroborated by surveillance footage admitted into evidence and played during the trial.

Jacob Cotton was also employed as a loss prevention officer at the store.  He reviewed the recorded surveillance footage of appellant's earlier conduct in the store.  On the video, Cotton observed appellant "[grab] a stack of bags from the auto department underneath the register" and begin placing merchandise into those bags.  Cotton testified that appellant made no effort to pay for the merchandise, except for the purchase of a car detailing kit and the auto service performed on her vehicle, which she paid for with cash about ten minutes after entering the store.

Officer Ghezzi, an off-duty police officer working at the mall where the store was

2

located, was called by the Sears loss prevention office and notified of appellant's behavior. Officer Ghezzi was told about a woman (appellant) "taking tags off of property and secreting it away" by placing it into shopping bags. He and Officer Rogers, another police officer, then went to the store. Officer Rogers joined Cotton and Rodriguez and watched appellant, whereas Officer Ghezzi remained outside in his vehicle. Officer Rogers subsequently notified Officer Ghezzi that appellant was leaving the store without having paid for the merchandise. As appellant left the store and started walking towards her vehicle, Officer Ghezzi approached and arrested her.

Appellant admitted during the trial that she placed the Sears merchandise into bags and exited the store without having paid for it. She defended herself, however, by stating that even though she exited the store with the unpaid-for merchandise, she did not leave the store with the intent to deprive Sears of the merchandise without having paid for it. Appellant testified that she went to Sears to have her vehicle serviced and, anticipating a quick service, she left her purse in her vehicle. She took only her wallet into the store. After leaving her car with the service technicians, she learned that the service was going to take about an hour. She stated that approximately ten minutes after arriving at the service department, she purchased a car detailing kit and unsuccessfully attempted to retrieve a credit card from her vehicle.

Appellant testified she then decided to shop for her children. She explained that the reason she removed the clothes from the hangers and placed them into the shopping bags was because she was sorting the items into bags for each child, and trying to prevent the hangers from tearing the bags. She further explained that because she left her credit

3

card in her purse, she intended to store her cart full of bagged merchandise in a certain "glass cubbyhole thing" located inside the interlock door between the inside and outside of the store. While between the two doors, she observed Officer Ghezzi "waiving like something was wrong." Based on her training as a nurse, she thought he was in distress. Appellant testified she believed that she was responding to a perceived medical emergency, and did not consciously take her shopping cart into the parking lot.

## II. SUFFICIENCY OF EVIDENCE

By her sole issue, appellant contends the evidence was insufficient to prove she had the requisite intent to commit a theft. Specifically, appellant argues that because she was arrested prior to physically leaving the Sears property, which includes the parking lot, the State did not show that she intended to commit theft.

### A. Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State,* 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia,* 443 U.S. 307 (1979)) (emphasis in original); *see Brooks v. State,* 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Anderson v. State,* 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive

4

province. *Id.* (citing *Wyatt v. State,* 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State,* 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

In reviewing the sufficiency of the evidence, we look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Guevara v. State,* 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (citations omitted). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative effect of all the incriminating facts are sufficient to support the conviction. *Id.* (citing *Alexander v. State,* 740 S.W.2d 749, 758 (Tex. Crim. App. 1987) (en banc)). The evidence is sufficient if the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. *Russell v. State,* 665 S.W.2d 771, 776 (Tex. Crim. App. 1983)

**B.    Applicable Law**

A person commits theft if she unlawfully appropriates property with the intent to

5

deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a). A person acts with intent when it is her conscious objective or desire to engage in the conduct or cause the result. *Id.* § 6.03(a). Deprivation is not an element of intent to deprive; therefore, the State need not prove actual deprivation in order to prove intent to deprive. *Rowland v. State*, 744 S.W.2d 610, 612 (Tex. Crim. App. 1988). While evidence of actual deprivation may be evidence of intent to deprive, other evidence may also indicate whether intent to deprive exists. *Id.* Criminal intent is necessary to establish theft. *See Ellis v. State,* 877 S.W.2d 380, 383 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

**C. Discussion**

During the trial, the trial court heard testimony that appellant acted in a suspicious manner, removed clothes from hangers, removed price tags from clothes, placed merchandise into shopping bags which she took from under a register, removed shoes from boxes and placed them under the filled shopping bags, and walked out of the store with a shopping cart full of unpaid merchandise. The court also heard testimony that appellant, prior to walking out of the store, spoke to a checkout attendant, who then proceeded to chase her as she walked out of the store. The court then heard Officer Ghezzi's testimony that he intercepted appellant after she left the store with unpaid merchandise while she was walking toward her vehicle. Lastly, the trial court viewed the videotape, and considered appellant's conflicting explanations regarding why she bagged the items and left the store without paying.

The reconciliation of the conflicting testimony "is within the fact-finder's exclusive province." *See Wyatt,* 23 S.W.3d at 30. In weighing the credibility of the two accounts

6

and reconciling the inconsistencies in the testimony, the trial court was not obligated to believe appellant's version of events. *See Anderson*, 322 S.W.3d at 405 ("The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony"). We conclude that the cumulative force of the evidence is sufficient to lead a rational trier of fact to believe appellant possessed the requisite intent to commit theft. *See Guevara*, 152 S.W.3d at 49.

### III. CONCLUSION

The trial court's judgment is affirmed.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of July, 2015.