

# NUMBER 13-14-00096-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**PATRICK SHERMAN GUILLORY,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                           **Appellee.**

---

### On appeal from the 51st District Court
### of Tom Green County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Justice Perkes[1]**

Appellant Patrick Sherman Guillory appeals his conviction of theft "less than

$1,500.00", enhanced by two prior felony convictions to a second-degree felony. *See*

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Third Court of Appeals in Austin, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

TEX. PENAL CODE ANN. § 31.03(a), (b), (e)(4)(D) (West, Westlaw through 2015 R.S.). A jury found appellant guilty and assessed punishment at twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division. By three issues, which we consolidate into one, appellant argues the evidence was legally insufficient to sustain a conviction for theft. We affirm.

## I. BACKGROUND

Appellant was indicted, as follows, for stealing steaks from a Lowe's Food Basket in San Angelo, Texas:

> DEFENDANT, on or about the 20th day of May, AD. 2013, and before the making and filing of this complaint, in Tom Green County, State of Texas, did then and there intentionally and knowingly appropriate, by acquiring and otherwise exercising control over tangible property to-wit: meat, from the owner Lowe's Grocery Store, without the effective consent of the owner, and with intent to deprive the said owner of said property.

The indictment also alleged two prior felony convictions, which appellant pleaded true.[2]

During the trial, Howard Miller, a certified peace officer with the San Angelo Police Department, testified that he was working off-duty security at Lowe's when he observed appellant pick up "a couple" packages of meat and begin walking quickly towards the front of the store. As Miller approached appellant, the meat was no longer visible, but appellant had a large bulge under his t-shirt, as if something was under his shirt. When appellant saw Miller, he turned, went back into the store behind a Coca-Cola display, and made movements which appeared as if he were getting rid of something.

---

[2] During the trial, the State presented evidence of twelve prior convictions, two of which were the felony convictions used for enhancement.

2

Miller testified that appellant was close to the front doors and that when he approached, appellant went down a different aisle. Miller explained "this was a tactic that is commonly used. It's a swift: conceal the meat, and get out the doors." When Miller confronted appellant, appellant claimed he put the meat back. Miller thereafter noticed two packages of steaks stuck in the Coca-Cola display.

Lynn Hess, the store manager of Lowe's Food Basket, testified that he did not know appellant, did not recognize appellant, and did not give him permission to take anything from the store. Hess testified that the meat had to be destroyed due to possible contamination, as per store policy.

## II. SUFFICIENCY OF EVIDENCE

Appellant contends the evidence was insufficient to prove that he had the requisite intent to commit a theft. Specifically, appellant argues that because he abandoned the theft, the State did not show that he committed theft. Instead, appellant claims that the evidence shows, at most, an attempted theft. We disagree.

### A. Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State,* 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia,* 443 U.S. 307 (1979); *see Brooks v. State,* 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their

3

testimony. *Anderson v. State,* 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Id.* (citing *Wyatt v. State,* 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State,* 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

In reviewing the sufficiency of the evidence, we look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Guevara v. State,* 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (citations omitted). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative effect of all the incriminating facts are sufficient to support the conviction. *Id.* (citing *Alexander v. State,* 740 S.W.2d 749, 758 (Tex. Crim. App. 1987) (en banc)). The evidence is sufficient if the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. *Russell v. State,* 665 S.W.2d

4

771, 776 (Tex. Crim. App. 1983).

**B.    Applicable Law**

A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of the property.    TEX. PENAL CODE ANN. § 31.03(a).    A person acts with intent when it is his conscious objective or desire to engage in the conduct or cause the result.    *Id.* § 6.03(a) (West, Westlaw through 2015 R.S.).    Deprivation is not an element of intent to deprive; therefore, the State need not prove actual deprivation in order to prove intent to deprive.    *Rowland v. State*, 744 S.W.2d 610, 612 (Tex. Crim. App. 1988).    While evidence of actual deprivation may be evidence of intent to deprive, other evidence may also indicate whether intent to deprive exists.    *Id.*    The intent to deprive is determined from the words and acts of the accused.    *Roberson v. State*, 821 S.W.2d 446, 447 (Tex. App.—Corpus Christi 1991, pet. ref'd).    Criminal intent is necessary to establish theft.    *See Ellis v. State,* 877 S.W.2d 380, 383 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).    Therefore, as applied in this case, appellant committed the offense of theft as authorized by the indictment if he appropriated the steaks "without the owner's effective consent" and "with intent to deprive the owner of the property."    TEX. PENAL CODE ANN. § 31.03(a), (b)(1).

**C.    Discussion**

During the trial, the jury heard testimony that appellant acted in a suspicious manner, picked up the steaks, and hid them under his pants and shirt.    Appellant headed for the store's exit and when Miller approached, went in a different direction and purportedly hid the steaks in a store display.    The jury also heard testimony that

5

appellant, when detained, was evasive and nervous.

The record clearly reflects that appellant committed theft, rather than attempted theft.[3]   The State was required to prove that appellant intended to deprive the owner of the property.   A jury could reasonably infer appellant's intent to deprive from the manner in which appellant concealed the steaks under his shirt or pants and attempted to leave the store.   Furthermore, the manner in which he attempted to conceal his act by hiding the steaks in the display shows an intent to deprive.   When questioned by Miller, appellant falsely claimed that he "put the steaks back" but instead, hid them in the store display.   *See Roberson*, 821 S.W.2d at 448 (concluding evidence sufficient to show intent to deprive where defendant concealed a shirt in a shopping bag, took the shopping bag into the restroom, and removed an electronic tag from the shirt).

We conclude that the cumulative force of the evidence is sufficient to lead a rational trier of fact to believe that appellant committed the offense of theft.   *See Coronado v. State,* 508 S.W.2d 373, 374 (Tex. Crim. App. 1974) (explaining that specific intent can be inferred from the surrounding circumstances); *Rowland,* 744 S.W.2d at 612.   We reject appellant's arguments that he abandoned the theft, or alternatively, that he could only guilty of attempted theft.   *See Barnes v. State,* 513 S.W.2d 850, 851 (Tex. Crim. App. 1974) (holding defendant who took possession and control of car by entering it and starting motor, with his hands on steering wheel with obvious intent to drive it away, was guilty of felony theft of car although he was interrupted before he had time to abscond

---

[3] The Texas Code of Criminal Procedure defines the offense of criminal attempt:   "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."   TEX. CODE CRIM. PROC. ANN. Art. 15.01(a) (West, Westlaw through 2015 R.S.).

6

with it); *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.) (holding evidence sufficient to prove theft when appellant climbed over hardware store fence, picked up roll of barbed wire, but dropped it when startled by employee). We overrule appellant's issue.

### III.     CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of October, 2015.